# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ROMERO FRANK ALDRIDGE**  PLAINTIFF

V.  NO. 4:13CV118-DMB-JMV

**GEORGE DAVENPORT, ET AL.**  DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the *pro se* prisoner complaint of Romero Frank Aldridge, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that Plaintiff was incarcerated when he filed this suit. Defendants have filed a motion for summary judgment, arguing that Plaintiff's allegations fail to state a claim upon which relief could be granted, and that they are entitled to qualified immunity. Plaintiff has not responded, and the deadline to do so has expired. For the reasons below, Defendant's motion for summary judgment, Doc. #22, will be granted, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## I
## Standard on Summary Judgment

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629,

633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)), *cert. denied*, 531 U.S. 871 (2000). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what constitutes a material fact. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fed. Sav. & Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

# II
# Material Facts[1]

Plaintiff Aldridge is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), housed at all relevant times at the Mississippi State Penitentiary ("MSP"). On April 8, 2013, at 9:15 a.m., Aldridge received a Rule Violation Report ("RVR") for possession of contraband—a cell phone charger—during a shakedown of his unit at 2:00 p.m. the previous day. Aldridge alleges that he was not in the building during the April 7, 2013, shakedown, and that he requested access to the unit's log book to present as evidence of his absence during his disciplinary hearing. Aldridge further alleges that Defendants D. Munford and Lieutenant B. Cox, correctional officers at MSP, denied Aldridge's requests to call witnesses or introduce the log book at the disciplinary hearing. Aldridge was found guilty of the infraction and, as punishment, was removed from Trusty status for six months and placed in the Cell Phone Violation Unit during that time. He has completed the Cell Phone Violation program, but has been reduced from Trusty status to C-custody, which is more restrictive. His subsequent appeal to Defendant George Davenport, the warden at MSP, was denied on May 28, 2013.

On October 21, 2013, during a *Spears* hearing before this Court, Aldridge testified that he did not have a cell phone charger on April 7, 2013, but that he was, at that time, in possession of several pre-paid debit cards ("Green Dot Cards"). He further testified that Defendant Munford wanted the Green Dot Cards for himself, but that Aldridge would not part with them. Aldridge does not dispute that Green Dot Cards are contraband under MDOC policy.

Aldridge believes that these factual allegations support two claims for relief: (1) denial of due process, and (2) retaliation. For the reasons below, the allegations fail to state a valid claim under either theory.

---

[1] Although the parties dispute several of these facts, the Court accepts as true Plaintiff's allegations for purposes of the instant motion.

# III
# Denial of Due Process

Regarding the due process rights of prisoners, the United States Supreme Court has recognized that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484 (citations omitted). In *Sandin*, the discipline administered to the prisoner was segregated confinement. The Supreme Court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 485−86. Therefore, the Court held, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Here, the punishment Aldridge received was not severe enough to trigger due process protection under *Sandin*. As punishment for the infraction, Aldridge was removed from Trusty status for 180 days and placed in the Cell Phone Violation Unit during that time. This punishment, although restrictive and perhaps uncomfortable, does not rise to the level of an atypical and significant deprivation. As such, under *Sandin*, Aldridge's allegations fail to state a Due Process claim upon which relief could be granted.

# IV
# Retaliation

Aldridge also claims that Munford retaliated against him because he would not relinquish possession of his Green Dot Cards. Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). On the other hand, courts must view such claims with skepticism to keep from getting bogged down in every act of discipline prison officials impose. *Id*.

To establish a claim of retaliation under § 1983, an inmate must prove: (1) the exercise of a specific constitutional right; (2) the prison official's intent to retaliate against him because of his exercise of that right; (3) a retaliatory adverse act; and (4) causation, i.e., but for the retaliatory motive the complained of incident would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted), *cert. denied*, 516 U.S. 1084 (1996). A prisoner seeking to establish a retaliation claim must also show that the prison official's conduct was sufficiently adverse so that it would be capable of deterring a person of ordinary firmness from exercising his constitutional rights in the future. *Winding v. Grimes*, 4:08-CV-99, 2010 WL 706515, at *2 (S.D. Miss. Feb. 22, 2010) (*citing Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006)). "A single incident involving a minor sanction is insufficient to prove retaliation." *Davis v. Kelly*, No. 2:10-CV-271, 2012 WL 3544865, at *4 (S.D. Miss. July 18, 2012) (citation omitted). Similarly, inconsequential (*de minimis*) acts by prison officials do not give rise to an actionable retaliation claim. *See Morris*, 449 F.3d at 685.

Here, Aldridge must show that he engaged in constitutionally protected activity, faced significant adverse consequences, and that such adverse action was taken in an effort to deter him from seeking to assert that right in the future. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir. 1994), *cert. denied*, 513 U.S. 926 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987). The showing in such cases must be more than the

prisoner's "personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)). Aldridge's retaliation claim fails on the first element (the exercise of a constitutional right). The activity in question—possession of contraband (Green Dot Cards) by a prisoner—is not protected under the Constitution. As such, Aldridge's allegations fail to state a valid retaliation claim.

## V
## Conclusion

For the reasons above, Defendant's motion [22] for summary judgment is granted, and the instant case is dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue.

SO ORDERED, this 23rd day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**